UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUY J. PRENDERGAST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WHATCOM COUNTY, et al.,<br><br>　　　　Defendants. | Case No. C07-435-JLR<br><br>ORDER DISMISSING CERTAIN DEFENDANTS, DIRECTING SERVICE ON REMAINING DEFENDANTS |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Guy J. Prendergast, an inmate at the Washington Corrections Center in Shelton, Washington, is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. After careful consideration of plaintiff's proposed complaint, supporting materials, the governing law and balance of the record, the Court ORDERS that certain defendants be DISMISSED from this case, and certain other defendants SERVED by mail, as outlined below.

## II. DISCUSSION

A.　Dismissal of Two Defendants

Plaintiff's complaint contains two distinct deficiencies which fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. This includes plaintiff's naming of co-inmate Demarco Sutton and the Whatcom County Jail as defendants in this case. Under the facts as stated by plaintiff, no amendment to the pleadings can cure these deficiencies.

ORDER DISMISSING CERTAIN DEFENDANTS,
DIRECTING SERVICE ON REMAINING DEFENDANTS
PAGE - 1

01    Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to submit a
02 complaint "which sets forth . . . a short and plain statement of the claim showing that the
03 pleader is entitled to relief." Fed. R. Civ. P. 8(a).  In order to state a claim for relief under §
04 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution
05 or created by federal statute, and that the violation was proximately caused by a person acting
06 under color of state or federal law.  *See, e.g.*, *WAX Techs., Inc. v. Miller*, 197 F.3d 367, 372
07 (9th Cir. 1999) (en banc).  This requires the plaintiff to allege facts showing how a specific
08 state or federal actor violated a specific right, causing the harm alleged in the plaintiff's
09 complaint.  *See, e.g.*, *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007).  Demarco Sutton,
10 a former co-inmate of plaintiff, is not a "state actor" in this regard and should be dismissed
11 from this lawsuit.
12    Additionally, municipalities and local governmental units—such as Whatcom County
13 and the Whatcom County Jail—may not be held responsible for the acts of its employees under
14 a theory of *respondeat superior*.  *See, e.g.*, *Collins v. City of Hacker Heights*, 503 U.S. 115,
15 122 (1992); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  Rather, a § 1983
16 plaintiff must demonstrate that the alleged constitutional deprivation was the result of a "policy
17 or custom" of the local government unit.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989);
18 *Monell*, 436 U.S. at 690-91.  While certain of plaintiff's allegations appear to meet these
19 threshold pleading standards, the Court finds that the proper party to this action is Whatcom
20 County itself, not the Whatcom County Jail.  *See Nolan v. Snohomish County*, 59 Wn.App.
21 876, 883, 802 P.2d 792 (1990).  Because plaintiff has properly named Whatcom County as a
22 defendant, the Court deems it proper to dismiss the Whatcom County Jail.
23    In sum, plaintiff's allegations regarding Demarco Sutton and the Whatcom County Jail
24 do not state claims for relief under which relief may be granted under § 1983.  Accordingly,
25 plaintiff's claims against these particular defendants are DISMISSED pursuant to 28 U.S.C. §
26 1915(e)(2)(B)(ii).

    B.    <u>Service is Directed on the Remaining Defendants</u>

        1.    *Service by United States Marshal*

The United States Marshal shall personally serve defendant Whatcom County by delivering a copy of the summons and complaint and a copy of this Order to the Whatcom County Executive, or his or her designated agent for service of process, in accordance with Rule 4(j) of the Federal Rules of Civil Procedure. The Clerk shall issue the summons and assemble the necessary documents to effect this personal service. The Clerk shall also send a copy of the complaint and of this Order to the Whatcom County Prosecutor's Office by first class mail.

Within **forty-five (45) days** after service, defendant Whatcom County shall file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

        2.    *Service by Clerk*

The Clerk is directed to send individual defendants (1) Officer Zender, (2) Officer Bundy, and (3) Officer Rathbun, by first class mail, the following: a copy of plaintiff's complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's office.

        3.    *Response Required*

The above-named defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons. Any defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer to the Complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Any defendant who fails to timely return the signed Waiver will be personally served with a summons and Complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an

01 answer or motion permitted under Rule 12 within **thirty (30) days** after service.

02              4.    *Filing and Service by Parties, Generally*

03       All attorneys admitted to practice before this Court are required to file documents
04 electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website,
05 www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.
06 All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original
07 of any document for the Court's consideration.  **A party filing a paper original does not**
08 **need to file a chambers copy**.  All filings, whether filed electronically or in traditional paper
09 format, must indicate in the upper right hand corner the name of the Magistrate Judge to
10 whom the document is directed.  Additionally, any document filed with the Court must be
11 accompanied by proof that it has been served upon all parties that have entered a notice of
12 appearance in the underlying matter.

13              5.    *Motions*

14       Any request for court action shall be set forth in a motion, properly filed and served.
15 Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion
16 shall be submitted as a part of the motion itself and not in a separate document.  **The motion**
17 **shall include in its caption (immediately below the title of the motion) a designation of**
18 **the date the motion is to be noted for consideration upon the Court's motion calendar**.
19       Stipulated and agreed motions, motions to file overlength motions or briefs, motions
20 for reconsideration, joint submissions pursuant to the option procedure established in
21 CR37(a)(2)(B), motions for default, requests for the clerk to enter default judgment, and
22 motions for the Court to enter default judgment where the opposing party has not appeared
23 shall be noted for consideration on the day they are filed.  *See* Local Rule CR 7(d)(1).  All
24 other non-dispositive motions shall be noted for consideration no earlier than the third Friday
25 following filing and service of the motion.  *See* Local Rule CR 7(d)(3).  All dispositive motions
26 shall be noted for consideration no earlier than the fourth Friday following filing and service of

the motion.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.  If a party files a paper original (i.e. a *pro se* and/or prisoner), that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.  If a party fails to file and serve timely opposition to a motion, the Court may deem any opposition to be without merit.

Additionally, the party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the judicial day immediately preceding the date designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

      6.    *Direct Communications With District Judge or Magistrate Judge*

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

      7.    *Clerk of Court*

The Clerk is directed to send a copy of this Order to the parties.

DATED this 23rd day of May, 2007.

                          JAMES L. ROBART
                          United States District Judge

Recommended for entry
this 23rd day of May, 2007.

/s/ James P. Donohue

JAMES P. DONOHUE

ORDER DISMISSING CERTAIN DEFENDANTS,
DIRECTING SERVICE ON REMAINING DEFENDANTS
PAGE - 5

01 | United States Magistrate Judge

ORDER DISMISSING CERTAIN DEFENDANTS,
DIRECTING SERVICE ON REMAINING DEFENDANTS
PAGE - 6